UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> ) <br> ) <br> vs. ) <br> ) <br> VALENTIN MARTINEZ and ) <br> BENITO GRULLON, et al., ) <br>     Defendants. ) <br> ) | **Criminal No. 04-10299-PBS** |

**ORDER**
March 15, 2005

**SWARTWOOD, C.M.J.**

By Order of Reference dated September 29, 2004, this case has been referred to me for pretrial proceedings. This Order addresses Valentin Martinez's Objection To Order of Excludable Time (Docket No. 77) and Benito Grullon's Objection To Order Of Excludable Time (Docket No. 78).

Nature Of The Case

Messrs. Martinez and Grullon and twenty-two other individuals have been charged in a One Count Indictment with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.

Nature of Messrs' Martinez's and Grullon's Objection

On January 20, 2005, a status conference was held in this matter. At that status conference, Messrs. Martinez and Grullon

informed the Court that they were ready to proceed to trial and requested that their cases be transferred to the District Court Judge (Saris, D.J.). However, most of the Defendants requested additional time to seek discovery from the Government. The majority of Defendants assented to a further continuance, to March 23, 2005, in order to provide the Government additional time to produce what is a large amount of discovery and to permit defenses counsel an opportunity to review such discovery. All but four Defendants orally agreed to exclude the time from January 20, 2005 through March 23, 2005, in the interest of justice, in order to complete discovery. Messrs. Martinez and Grullon were among the four Defendants who orally objected to such time being excluded on the grounds that they were prepared to proceed to trial immediately.

On January 25, 2005, I issued a status report (Docket No. 55) and Order On Excludable Delay (Docket No. 56), in which I excluded the time from January 20, 2005 through March 23, 2005 for all Defendants. On February 22, 2005, Messrs. Martinez and Grullon filed written objections to the exclusion of the time from January 20, 2005 through March 23, 2005.[1]

---

[1] The objections filed by Messrs. Martinez and Grullon indicate that they were mailed on or about February 11, 2005. However, the objections were mailed directly to my attention at my Boston Chambers, rather than to the attention of the clerk of court, as required by this Court's Local Rule 5(e). Since the Boston Clerk's Office does not open mail addressed to my attention, there was a period of delay while the submissions were forwarded to me at my Worcester Chambers, which, as counsel for these Defendants are aware, is where I am generally located. Although it is questionable whether Messrs. Martinez and Grullon filed their objections within the time provided by The Final Plan for

## Discussion

Messrs. Grullon and Martinez object to the Order of Excludable Time issued by this Court on January 25, 2005, in which this Court excluded the time from January 20, 2005 until March 23, 2005, in the interests of justice, on the grounds that most of the Defendants were seeking further discovery from the Government and therefore, had assented to a further continuance until that date to complete discovery.

Under the provisions of the Speedy Trial Act, any period of delay resulting from continuances granted at the request of a defendant is excluded: "if the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial". 18 U.S.C. §3161(h)(8)(A).  In addition, any reasonable period of delay granted to a co-defendant is excluded as to all defendants where no motion for severance has been granted.  <u>Id.</u>, at §3161(h)(7).  The fact that four of the Defendants requested that I report to the District Judge that they were prepared for immediate trial does not constitute a severance.  Therefore, until the District Judge agrees to sever the trial of Messrs. Martinez and Grullon from that of

---

Prompt Disposition of Criminal Cases (Final Plan Pursuant to Speedy Trial Act of 1974) - 18 U.S.C. § 3165(e)(2) for the District of Massachusetts (requiring defendants to file objections within seven days after service by magistrate judge of notice of computation of excludable time, plus additional three days when service has been competed by mail).  Nevertheless, because these Defendants made a contemporaneous oral objection to my excluding the time at issue, I will treat their written objections as having been timely filed.

their co-Defendants, any time excluded as to their co-Defendants is excludable as to Messrs. Martinez and Grullon.[2]

## Conclusion

1. Valentin Martinez's Objection To Order of Excludable Time (Docket No. 77) is <u>denied</u>.

2. Benito Grullon's Objection To Order Of Excludable Time (Docket No. 78) is <u>denied</u>.

/s/ Charles B. Swartwood III
Charles B. Swartwood III
Chief Magistrate Judge

---

[2] The docket for this case reflects that on February 25, 2005, Judge Saris held an initial pre-trial conference with respect to Messrs. Grullon and Martinez and two of their co-Defendants. At that conference, Judge Saris set a briefing schedule for the filing of motions to dismiss and set a trial date for Mr. Grullon and another. It appears that at least as to Mr. Grullon, his case has been severed from that of his co-Defendants. At the same time, it appears that the time following February 25, 2005 is excludable as to both these Defendants on other grounds. Therefore, if Messrs. Martinez and Grullon continue to object to time which I have excluded as to them as the result of continuances granted to their co-Defendants from February 25, 2005 to March 23, 2005 or thereafter, they should pursue their objections with Judge Saris.