UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LUZ LUCIANO, ET. AL., )<br>                  Defendants )<br>) | CRIMINAL ACTION<br>No. 04-10299-PBS |

**DEFENDANTS MARTINEZ, GRULLON AND MADERA'S
JOINT MOTION TO DISMISS FOR
VIOLATION OF THE RIGHT TO SPEEDY TRIAL**

      NOW come the defendants in the above-entitled matter, by and through undersigned counsel, and respectfully move this Honorable Court to dismiss the charges against them without prejudice for violation of their Constitutional and Statutory rights to a speedy trial pursuant to the guarantees of the Sixth Amendment to the United States Constitution and the Speedy Trial Act, 18 U.S.C. Sect. 3161 for reasons as follows:

1. The instant case involves twenty-two separate defendants.

2. Defendants Martinez and Madera have been held in custody since May 2004. The Assistant United States Attorney's Office failed to obtain an indictment until some six months later, on November 3 2004. Thus, grossly violating the thirty-day time limit for arraignment as set forth in Speedy Trial Act 18 U.S.C. Sect. 3161 (b).

3. Following defendants' arraignment, an Order of Excludable Time was placed into effect (Swartwood, M.J.) covering the time span from the date of defendant's arraignment, November 3, 2004 until January 20, 2005, approximately Seventy-Eight days total.

4. On or about January 20, 2005, a pre-trial conference was held, at which time the defendants were three of only four defendants to object to any further continuances, waive any additional discovery and answer ready for trial immediately.

5. As a result of the said objection, the Magistrate Judge divided the four objecting parties, designating Grullon, Martinez, Madera and Estrada as "trial defendants" and the remaining defendants as "discovery defendants".

6. The four "trial defendants" had their cases returned to Saris, J. for trial.

7. Notwithstanding the different categories of the various defendants, and despite the defendants' readiness for trial, the Magistrate Judge ordered the period from January 20, 2005 until March 23, 2005 as excludable time. Thus, even though both categories of defendants stand in radically different postures, all defendants are being treated alike, ordered to be tried on or before June 1, 2005.

8. As of March 23, 2005, despite objections to further delay and demand for a speedy trial, defendants' trial will have effectively been delayed one hundred-forty days from the date of the November 3, 2004 arraignment, thus violating their Sixth Amendment right to a speedy trial and any permissible time limits set forth in the Speedy Trial Act 18 U.S.C. Sect. 3161.

Respectfully Submitted,
BENITO GRULLON, VALENTIN MARTINEZ
By their Attorney

_/s/ Ronald Ian Segal_
RONALD IAN SEGAL
23 Central Avenue
Suite 605
Lynn, Massachusetts 01901
(781) 599-2800


Respectfully Submitted,
KELVIN MADERA
By his Attorney,

_/s/ Stephen D. Judge_
STEPHEN D. JUDGE
23 Central Avenue
Suite 605
Lynn, Massachusetts 01901
(781) 599-2800